IN RE APPEALS NO. 1022 AND NO. 1081, September Term, 1975 from the Circuit Court for Kent County, sitting as a Juvenile Court

[No. 142, September Term, 1975.]

*Per Curiam Order March 8, 1976.*

*Opinion Filed July 14, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Michael James Kelly, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*John W. Sause, Jr., District Public Defender,* and *J. Donald Braden* for appellee.

## PER CURIAM ORDER

For reasons to be stated in an opinion to be filed later, it is this 8th day of March, 1976

ORDERED, by the Court of Appeals of Maryland, that the orders of the Circuit Court for Kent County sitting as a Juvenile Court dismissing the Juvenile Petitions be, and they are hereby, affirmed with costs to be paid by the State of Maryland, and it is further

ORDERED that the mandate be issued forthwith.

ELDRIDGE, J., delivered the opinion of the Court.

This consolidated appeal presents certain issues relating to the jurisdiction of a juvenile court under Maryland Code (1974, 1975 Cum. Supp.), § 3-807(b) of the Courts and Judicial Proceedings Article, over a person more than eighteen years of age who allegedly committed a delinquent act prior to his eighteenth birthday, after the juvenile court has determined that waiver to a criminal court is unwarranted.

The facts are not in dispute. In *In Appeal No. 1022,* the State filed a petition on August 29, 1975, alleging that the

juvenile, on May 23, 1975, unlawfully possessed and distributed a certain prescription drug in violation of Code (1957, 1976 Repl. Vol.), Art. 27, § 300. The juvenile, whose birthdate was June 21, 1957, was seventeen years old at the time the alleged offense occurred but had reached his eighteenth birthday prior to the State's petition being filed.

In *In Appeal No. 1081*, the State filed a petition on November 4, 1975, charging the juvenile with larceny and breaking and entering a commercial establishment. The alleged acts occurred on August 26, 1974. The juvenile, who was born on July 17, 1957, was, as in the companion case, seventeen years old at the time of the alleged offense and eighteen at the time the State's petition was filed.

In both of the cases, the State filed a motion to waive juvenile jurisdiction pursuant to Code (1974, 1975 Cum. Supp.), §§ 3-807 (b) and 3-817 of the Courts and Judicial Proceedings Article. The Circuit Court for Kent County, sitting as a juvenile court (Rasin, J.), declined in each case to grant a waiver of juvenile jurisdiction. The juvenile court then dismissed both of the petitions on the ground that § 3-807 (b) precluded it from exercising jurisdiction where an individual was less than eighteen years of age when he allegedly committed a delinquent act but was over eighteen when the petition was filed against him, and where the court determines that waiver of jurisdiction is inappropriate. The State appealed the decisions to the Court of Special Appeals, and we issued a writ of certiorari prior to a decision by that court. On March 8, 1976, we entered an order affirming the judgments of the circuit court. We now set forth the reasons for the affirmance.

For purposes of this appeal, the State accepts as correct the juvenile court's determination "that waiver to the adult court was not warranted under Section 3-817." However, the State does contend (1) that juvenile jurisdiction over the alleged offenders was not ousted, under § 3-807 (b), after the juvenile court determined that waiver was inappropriate; (2) that § 3-807 (b) provides for a mandatory waiver of juvenile jurisdiction over an individual who committed delinquent acts while a child but who was not apprehended until after

his eighteenth birthday; and (3) that even if the juvenile court's interpretation of § 3-807 (b) is correct, that statute did not apply to the individuals involved in the instant case because the alleged offenses occurred prior to the effective date of § 3-807 (b), and under prior law juvenile jurisdiction over the individuals would have continued until they reached 21 years of age.

### (1)

The State primarily contends that § 3-807 (b) did not divest the juvenile court of jurisdiction over an alleged offender, subsequent to the court's refusal to waive jurisdiction in favor of criminal prosecution. Section 3-807 (b) provides:

> "The [juvenile] court has exclusive original jurisdiction, but only for the purpose of waiving it, over an adult who is alleged to have committed a delinquent act while a child."

The State argues that § 3-807 (b) was enacted to remedy the problems which arose in *Matter of Miles*, 269 Md. 649, 309 A. 2d 289 (1973). In *Matter of Miles*, juvenile petitions were filed alleging that the individuals, who were over 21 years old at the time of the filing of the petitions, had committed criminal offenses when they were less than 18 years of age. This Court held that under § 3-806 (a) of the Courts and Judicial Proceedings Article (formerly Code (1957, 1973 Repl. Vol.), Art. 26, § 70-3), which provides that juvenile jurisdiction over a child continues until he reaches 21 years of age, the juvenile court had no jurisdiction to conduct a waiver hearing with respect to a person who is over 21. Pursuant to Maryland Rule 875 a, the cases were remanded to the equity court in order that the chancellor could determine whether waivers should have been granted.

The State asserts that the Legislature misconstrued *Matter of Miles* to have application where the alleged offender was over 18, instead of the situation where he was over 21. Before the passage of § 3-807 (b), it notes, juvenile jurisdiction attached to an individual between the ages of 18

and 21 if he had committed a delinquent act prior to age 18. Section 3-806 (a). Thus, the State argues, § 3-807 (b) "in effect restricted jurisdiction of the juvenile court where it already had full jurisdiction. By using the term 'adult,' the Legislature created jurisdiction problems where none existed previously." The State urges us to interpret the term "adult" in § 3-807 (b) as meaning " 'a person over 21 years of age' in order to carry out the true legislative intention." [1]

We decline to do so. There is no ambiguity in the statute before us. Section 3-807 (b) extends exclusive original jurisdiction to the juvenile court, "but only for the purpose of waiving it, over an *adult* who is alleged to have committed a delinquent act while a child." (Emphasis supplied.) Section 3-801 (b) of the Courts and Judicial Proceedings Article, relating to the provisions of the juvenile code, specifically defines the word "adult" to mean "a person who is 18 years old or older." We must confine ourselves to the statute as written, and may not "attempt, under the guise of construction, to supply omissions or remedy possible defects in the statute . . . ." *Slate v. Zitomer*, 275 Md. 534, 540, 341 A. 2d 789 (1975); *Patapsco Trailer v. Eastern Freight., Inc.,* 271 Md. 558, 564, 318 A. 2d 817 (1974); *Radio Com., Inc. v. Public Serv. Comm'n,* 271 Md. 82, 94-95, 314 A. 2d 118 (1974); *Scoville Serv., Inc. v. Comptroller,* 269 Md. 390, 394, 306 A. 2d 534 (1973); *Amalgamated Ins. v. Helms,* 239 Md. 529, 536, 212 A. 2d 311 (1965). We conclude, therefore, that § 3-807 (b) precludes the juvenile court from exercising jurisdiction over an "adult" who is more than 18 years old, once that court determines that waiver is inappropriate.

(2)

The State next argues that § 3-807 (b) was intended by the Legislature to provide for mandatory waiver of jurisdiction over those who allegedly committed delinquent acts while children but who were not apprehended until after they reached 18 years of age. The statutory mechanism for

---

1. By Chapter 463 of the Acts of 1976, the Legislature has amended § 3-807 (b) by substituting "a person 21 years of age or older" for "an adult."

waiving the exclusive jurisdiction of the juvenile court over persons alleged to be delinquent is contained in § 3-817. That section provides that the "court *may* waive the exclusive original jurisdiction conferred by § 3-804 with respect to a petition alleging delinquency . . . ." Section 3-817 (a). (Emphasis supplied.) Under subsection (b), "The court may not waive its jurisdiction until after it has conducted a waiver hearing . . . . The waiver hearing is solely to determine whether the Court should waive its jurisdiction." In making its determination with respect to whether or not waiver should be granted, the court must consider several factors which are enumerated in § 3-817 (d), such as the age of the child, his mental and physical condition, and the nature of his offense.

Nothing in § 3-807 (b) purports to authorize or require the juvenile court to waive its jurisdiction without first determining that waiver is appropriate in light of the statutory criteria set forth in § 3-817. Under § 3-807 (b), the court has jurisdiction, "but only for the purpose of waiving it," over the adult offender. There is no indication that waiver under this provision is mandatory. Such an interpretation would enable the State to postpone the institution of juvenile proceedings until after the child reaches age 18, thus defeating the discretionary waiver hearing set forth in § 3-817, and defeating also the purpose of the Juvenile Causes Act, which is, in part, "[t]o remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." Section 3-802 (a) (2). We believe, therefore, that a waiver hearing held with respect to an adult who had allegedly committed delinquent acts must be conducted according to the same standards that would have been applicable if the State proceeded against him while still a child, and that a mandatory waiver is not contemplated by § 3-807 (b).

### (3)

The State's final contention is that even if § 3-807 (b) would have required dismissal of the petitions, the

provisions of that section did not apply to these cases because the alleged offenses occurred on May 23, 1975, and August 26, 1974, and the effective date of § 3-807 (b) was July 1, 1975, after the offenses were allegedly committed. Nevertheless, the juvenile petitions were filed on August 29, 1975, and November 24, 1975, respectively. Thus, the jurisdiction of the juvenile court did not attach until after the effective date of § 3-807 (b).