978 A.2d 881

**In re SAIFU K.**

**No. 2196, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Aug. 27, 2009.

Mary Ann Ince (Douglas F. Gansler, Atty. Gen., on brief), Baltimore, for Appellant.

John O. Iweanoge, II (Charles C. Iweanoge, Jude C. Iweanoge, Iweanoges' Firm, PC, on brief), Washington, DC, for Appellee.

Panel: DAVIS, SALMON and MEREDITH, JJ.

MEREDITH, J.

On September 13, 2001, a petition was filed in the Circuit Court for Montgomery County, alleging that Saifu K., the appellee, engaged in delinquent conduct when he was 14 years old by committing sexual offenses upon his young cousin during a period when he was living with her family the previous year. By the time the petition was filed, Saifu resided with his parents and had relocated to another state. The petition was not served upon him until he was arrested six years later, and there was no evidence that Saifu or his parents were aware of the petition until it was served. On September 28, 2007, when Saifu was 21 years old, the State, appellant, moved for the circuit court, sitting as the juvenile court, to waive juvenile jurisdiction and transfer this matter to adult court for criminal prosecution pursuant to Maryland Code (1973, 2006 Repl.Vol.), Courts and Judicial Proceedings

Article ("CJ"), § 3–8A–07(e). The State's motion was denied after a hearing, and Saifu's motion to dismiss the juvenile petition was granted.

The State appealed the juvenile court's rulings, and raises the following question:

Did the juvenile court err in declining to transfer Saifu K.'s case to adult court pursuant to Section 3–8A–07 of the Juvenile Causes subtitle and dismissing the case?

We answer "no" to that question and affirm the judgment of the juvenile court.

## Facts and Procedural History

The facts giving rise to this appeal were well summarized by Circuit Court Judge Ronald B. Rubin as follows in his written opinion:

The relevant facts are simple and largely undisputed, albeit unusual. The Respondent [Saifu] was born on February 8, 1986, making him now over 21 years old. The alleged offenses occurred between September and December, 2000, making the Respondent 14 years old at the time of the alleged offenses. According to the Petition [filed by the State on September 13, 2001], during the later part of 2000, the Respondent committed rape in the second degree ... (and related offenses) upon a minor female.

On March 26, 2001, Child Protective Services received a report of child sexual abuse of a 6 year old, Nichole K. The Respondent, Saifu K., was the cousin of the alleged victim and was residing temporarily in the victim's home in Maryland at the time of the events in question. The victim disclosed the incidents in March 2001, after the Respondent returned to his home in Staten Island, New York.

Thereafter, a joint investigation was initiated by Child Protective Services and the State's Attorney's Office for Montgomery County. The State's Attorney had an address for the Respondent in New York, and two telephone numbers. The State left messages on the voice mail recordings for both telephone numbers, and sent correspondence to the

Staten Island address. When no response was received, the case was forwarded to the Department of Juvenile Services, which authorized the filing of a juvenile Petition. The Petition was filed on September 13, 2001. The Petition that was sent to the Respondent's Staten Island address by regular mail contained an incorrect zip code and incorrect apartment number.

A Preliminary Inquiry was held on October 3, 2001, and the Respondent did not appear. The Preliminary Inquiry was continued to October 17, 2001, and when the Respondent failed to appear, the Court issued a Writ of Attachment. Several status hearings were held thereafter and the issuance of the Writ was reaffirmed on those occasions. The State periodically, albeit unsuccessfully, attempted to locate the Respondent and his family.

In May 2007, the State obtained additional information and the Respondent was arrested in New Jersey. After extradition to Maryland, the Writ was served on September 28, 2007. The Court held a Preliminary Inquiry that day and detained the Respondent. A petition to waive this matter to adult criminal court, under § 3–8A–07 of the Courts Article, was filed on September 28, 2007. The Court held a hearing on October 1, 2007, continued the Respondent's detention, but ordered the State and the Attorney General (on behalf of the Department of Juvenile Services) to brief certain issues. A waiver hearing was set for October 26, 2007.

At the waiver hearing, the State argued that, under CJ § 3–8A–07(e), the juvenile court had no authority to take any action other than waiving jurisdiction to the circuit court for criminal prosecution. The specific subsection upon which the State bases its argument reads: "The court has exclusive original jurisdiction, but only for the purpose of waiving it, over a person 21 years of age or older who is alleged to have committed a delinquent act while a child." [1]

1. The statutory analysis in this case is complicated by the fact that the General Assembly recodified the provisions of the Juvenile Causes

The juvenile court disagreed with the State's contention that CJ § 3–8A–07(e) made the waiver of juvenile jurisdiction mandatory. The court noted that, under CJ § 3–8A–06(a), because the offenses were alleged to have been committed when Saifu was only 14, and were not offenses that were punishable by death or life imprisonment, the court could not have waived juvenile jurisdiction if Saifu had been brought before the court prior to his 21st birthday.[2] The court observed that the legislature "has decided that persons of a certain age, when they engage in conduct that would be unlawful if done by an adult, do not commit crimes but instead commit 'delinquent acts.' Such persons are not to be punished but, instead, are to be afforded 'treatment, guidance and rehabilitation.' *See, e.g., Smith v. State,* 399 Md. 565, 580–81, 924 A.2d 1175 (2007); *Lopez–Sanchez v. State,* 388 Md. 214, 247–49, 879 A.2d 695 (2005) (Wilner, J., concurring); *In re Franklin P.,* 366 Md. 306, 329–30, 783 A.2d 673 (2001)."

The court pointed out that, under CJ § 3–8A–03(a)(1), and subject to certain statutory exceptions not applicable to the present case, a juvenile court "has exclusive original jurisdiction over ... a child who is alleged to be delinquent," as the State alleged with respect to Saifu in the petition that was filed in the present case.[3] This conclusion is supported by CJ

subtitle shortly after the time of the alleged offenses. The juvenile court referred to the current code sections, as did the parties in their briefs. Although it appears to us that none of the revisions adopted since September 2000 have any impact on the outcome of this appeal, we shall make an effort to refer to the specific code sections that were in effect at the time of the alleged offenses.

   The language that is currently found in CJ § 3–8A–07(e) was codified in Md.Code (1973, 1998 Repl.Vol.), CJ § 3–807(b) as of September 2000. Pursuant to 2001 Md. Laws, Chap. 415, CJ §§ 3–806 and 3–807 were redesignated § 3–8A–07.

2. The jurisdictional waiver provisions currently set forth in CJ § 3–8A–06(a) were codified in Md.Code (1973, 1998 Repl.Vol.), CJ § 3–817(a) at the time of the alleged offenses in this case.

3. The exclusive jurisdiction provision currently set forth in CJ § 3–8A–03(a) was codified in Maryland Code (1973, 1998 Repl.Vol.), CJ § 3–804(a) at the time of the alleged offenses in this case.

§ 3–8A–05(a), which provides: "If a person is alleged to be delinquent, the age of the person at the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle."[4] *See In re Darren M.,* 358 Md. 104, 112, 747 A.2d 612 (2000) ("In making a jurisdictional determination based on age, the age of the person at the time he or she allegedly committed the acts underlying the charges generally controls.").

The State timely noted an appeal of the juvenile court's decision to deny the State's petition to waive jurisdiction.

## Discussion

As we noted above, at the time Saifu allegedly committed the delinquent acts, from September to December of 2000, the provision that is now CJ § 3–8A–07 was codified at CJ §§ 3–806 and 3–807, Md.Code (1973, 1998 Repl.Vol.). More specifically, what is now CJ § 3–8A–07(e) was then CJ § 3–807(b); the language of that particular subsection is unchanged. Accordingly, hereinafter we shall refer to former CJ §§ 3–806 and 3–807 instead of CJ § 3–8A–07. Similarly, as to other statutes in the Juvenile Causes subtitle that are relevant to this case, we note that the provisions that are now CJ §§ 3–8A–03, –05, and –06 were then codified at CJ §§ 3–804, –805, and –817, respectively, and we shall refer to the three older equivalent statutes hereinafter. In September 2000, those three were codified in the 1998 Replacement Volume. But they were then amended effective October 1, 2000, at which point they were codified at Maryland Code (1973, 1998 Repl. Vol., 2000 Supp.) of the Courts and Judicial Proceedings Article. Because these amendments did not make any changes material to the case *sub judice,* for simplicity's sake, we shall quote the version of all five statutes found in the 1998 Replacement Volume.

---

4. This language, currently set forth in CJ § 3–8A–05(a), was codified in Maryland Code (1973, 1998 Repl.Vol.), CJ § 3–805(a) at the time of the alleged offenses in this case.

We consider several sections of the Juvenile Causes subtitle pertinent to our conclusion that CJ § 3–807(b) did not mandate waiver of the juvenile court's jurisdiction. In general, CJ § 3–804 described the juvenile court's jurisdiction; § 3–805(a) established that the age of the alleged offender at the time of the alleged offense controlled jurisdictional issues; §§ 3–806 and 3–807 provided for termination of the juvenile court's jurisdiction; and § 3–817 established the circumstances for waiver of the juvenile court's exclusive jurisdiction. We quote excerpts of the former language of the Juvenile Causes subtitle, as published in Md.Code (1973, 1998 Repl.Vol.):

**Section 3–804. Jurisdiction of court.**

(a) *Child alleged to be delinquent, in need of supervision or assistance or with citation for violation; termination of parental rights and related adoption proceedings.*—The court has exclusive original jurisdiction over:

(1) A child alleged to be delinquent, in need of supervision, in need of assistance or who has received a citation for a violation;

\*　　\*　　\*

(e) *Limitations.*—The court does not have jurisdiction over:

(1) A child at least 14 years old alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment, as well as all other charges against the child arising out of the same incident, unless an order removing the proceedings to the court has been filed under Article 27, § 594A of the Code;

(2) A child at least 16 years old alleged to have done an act in violation of any provision of the Transportation Article or other traffic law or ordinance, except an act that prescribes a penalty of incarceration;

(3) A child at least 16 years old alleged to have done an act in violation of any provision of law; rule, or regulation governing the use or operation of a boat, except an act that prescribes a penalty of incarceration;

(4) A child at least 16 years old alleged to have committed any of the following crimes, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed under Article 27, § 594A of the Code:

(i) Abduction;

(ii) Kidnapping;

(iii) Second degree murder;

(iv) Manslaughter, except involuntary manslaughter;

(v) Second degree rape;

(vi) Robbery with a dangerous or deadly weapon;

(vii) Second degree sexual offense in violation of Article 27, § 464A(a)(1) of the Code;

(viii) Third degree sexual offense in violation of Article 27, § 464B(a)(1) of the Code;

(ix) A crime in violation of Article 27, § 36B, § 373, § 374, § 445, § 446, or § 481C of the Code;

(x) Using, wearing, carrying, or transporting of firearm during and in relation to a drug trafficking crime in violation of Article 27, § 281A of the Code;

(xi) Use of a firearm in violation of Article 27, § 291A of the Code;

(xii) Carjacking or armed carjacking in violation of Article 27, § 348A of the Code:

(xiii) Assault in the first degree in violation of Article 27, § 12A–1 of the Code;

(xiv) Attempted murder in the second degree in violation of Article 27, § 411A of the Code;

(xv) Attempted rape or attempted sexual offense in the second degree under Article 27, § 464F of the Code; or

(xvi) Attempted robbery with a dangerous or deadly weapon under Article 27, § 488 of the Code.

\*     \*     \*

## Section 3–805. Determination of jurisdiction.

(a) *Cases of delinquency.*—If a person is alleged to be delinquent, the age of the person at the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle.

(b) *Other cases.*—In all other cases the age of the child at the time the petition is filed controls the determination of jurisdiction under this subtitle.

\* \* \*

## Section 3–806. Retention or termination of jurisdiction.

(a) *Duration.*—If the court obtains jurisdiction over a child, that jurisdiction continues until that person reaches 21 years of age unless terminated sooner.

(b) *Offenses committed after age of 18.*—This section does not affect the jurisdiction of other courts over a person who commits an offense after he reaches the age of 18.

(c) *Termination.*—Unless otherwise ordered by the court, the court's jurisdiction is terminated over a person who has reached 18 years of age when he is convicted of a crime, including manslaughter by automobile, unauthorized use or occupancy of a motor vehicle, or operating a vehicle while under the influence of intoxicating liquors or drugs, but excluding a conviction for a violation of any other traffic law or ordinance or any provision of the State Boat Act, or the fish and wildlife laws of the State.

\* \* \*

## Section 3–807. Prosecution barred in absence of waiver.

(a) *In general.*—A person subject to the jurisdiction of the court may not be prosecuted for a criminal offense committed before he reached 18 years of age unless jurisdiction has been waived.

(b) *Exclusive original jurisdiction.*—The court has exclusive original jurisdiction, but only for the purpose of waiving it, over a person 21 years of age or older who is alleged to have committed a delinquent act while a child.

\* \* \*

### Section 3–817. Waiver of jurisdiction.

(a) *How waived.*—The court may waive the exclusive jurisdiction conferred by § 3–804 with respect to a petition alleging delinquency by:

(1) A child who is 15 years old or older; or

(2) A child who has not reached his 15th birthday, but who is charged with committing an act which if committed by an adult, would be punishable by death or life imprisonment.

(b) *Hearing.*—The court may not waive its jurisdiction until after it has conducted a waiver hearing, held prior to an adjudicatory hearing and after notice has been given to all parties as prescribed by the Maryland Rules. The waiver hearing is solely to determine whether the court should waive its jurisdiction.

(c) *Unfit subject for juvenile rehabilitative measures.*— The court may not waive its jurisdiction unless it determines, from a preponderance of the evidence presented at the hearing, that the child is an unfit subject for juvenile rehabilitative measures. For purposes of determining whether to waive its jurisdiction, the court shall assume that the child committed the delinquent act alleged.

(d) *Criteria.*—In making its determination, the court shall consider the following criteria individually and in relation to each other on the record:

(1) Age of the child;

(2) Mental and physical condition of the child;

(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;

(4) The nature of the offense and the child's alleged participation in it; and

(5) The public safety.

(e) *Procedures.*—If jurisdiction is waived, the court shall order the child held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult. The petition alleging the delinquen-

cy shall be considered a charging document for purposes of detaining the child pending a bail hearing.

Although waiver of the juvenile court's exclusive jurisdiction was permitted under certain circumstances set forth in CJ § 3–817, none of those circumstances is present in Saifu's case. The State does not contend that any provision other than CJ § 3–807(b) supports waiver of the juvenile court's exclusive original jurisdiction in Saifu's case. But the State nevertheless argues that waiver of jurisdiction was required by that subsection. The State argues:

> It is the State's position that, when read in context of the Section 3–8[07] waiver proceeding in Saifu K.'s case, the clear language of Section 3–8[17](a)(1), allowing for waiver of one "15 years old or older," relates to the age of the individual at the time that the issue of waiver is generated before the court. In contrast to the juvenile court's finding that Saifu K., because he was 14 years old at the time of the acts in question, could not have been waived, Section 3–8[07] provides no statutory support for eliminating eligibility for waiver where Saifu K. was 21 years old when he appeared before the juvenile court. As argued in the lower court:
>
> > The age of the person at the time of the offense is only relevant to a determination of where the case starts (original jurisdiction), not to where it ends up (waiver to adult court or not). If the legislature wanted the Court to look at the age of the child at the time of the offense, it would have specifically stated so, like the legislature did in enacting Section 3–8[05](a).
>
> ... Thus, in Saifu K.'s case, the juvenile court was called upon to address and apply solely the factors set forth in Section 3–8[07], upon Saifu K.'s extradition to and availability in Maryland in 2007, where Saifu K. was not a "child" appearing before the juvenile court, but, rather, "a person 21 years of age or older."

At the outset, we reject the State's argument that CJ § 3–805(a) is of limited relevance to the resolution of the issue presented in this case. The plain language of CJ § 3–805(a)

unambiguously stated that "the age of the person at the time the alleged delinquent act was committed *controls* the determination of jurisdiction *under this subtitle*." (Emphasis added.) The legislature would have been hard-pressed to make it any plainer.

Moreover, in a case with very similar facts that was decided under an earlier version of the Juvenile Causes subtitle, the Court of Appeals rejected an argument that was very similar to the State's present argument that CJ § 3–807(b) mandated waiver to the criminal court if the person alleged to have committed the delinquent act was 21 by the time the juvenile petition came before the court. In *In re Appeals No. 1022 & 1081*, 278 Md. 174, 359 A.2d 556 (1976), the Court of Appeals affirmed the juvenile court's dismissal of two petitions that alleged the respondents had committed delinquent acts when they were 17 years old. The respondents were each 18 years of age by the time their petitions came before the juvenile court. At that time, CJ § 3–807(b) read: "The [juvenile] court has exclusive original jurisdiction, but only for the purpose of waiving it, over an adult who is alleged to have committed a delinquent act while a child." The Court of Appeals held there was "no ambiguity in the statute," *id.* at 178, 359 A.2d 556, and held that the plain language of that statute did not require the juvenile court to waive its jurisdiction and permit the State to prosecute the 18–year–old respondents in criminal court. The Court stated, *id.* at 179, 359 A.2d 556:

> Nothing in § 3–807(b) purports to authorize or require the juvenile court to waive its jurisdiction without first determining that waiver is appropriate in light of the statutory criteria set forth in § 3–817. Under § 3–807(b), the court has jurisdiction, "but only for the purpose of waiving it," over the adult offender. There is no indication that waiver under this provision is mandatory. Such an interpretation would enable the State to postpone the institution of juvenile proceedings until after the child reaches age 18, thus defeating the discretionary waiver hearing set forth in § 3–817, and defeating also the purpose of the Juvenile

Causes Act, which is, in part, "[t]o remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." Section 3–802(a)(2). We believe, therefore, that a waiver hearing held with respect to an adult who had allegedly committed delinquent acts must be conducted according to the same standards that would have been applicable if the State proceeded against him while still a child, and that a mandatory waiver is not contemplated by § 3–807(b).

We perceive no rational basis for adopting a different construction of the similar language that appeared in the 2000 version of CJ § 3–807(b).[5] When read in the context of the statutory scheme of the Juvenile Causes subtitle, former CJ § 3–807(b) does not support the State's argument that the character of a juvenile offense that could not have been prosecuted in the criminal court because of the juvenile's age when the act was committed could be transformed into a criminal act that the State could prosecute in adult criminal court should the State wait until the respondent turns 21.

Our conclusion that *In re Appeals* still controlled the construction of CJ § 3–807(b) as of 2000 is not altered by the fact that the General Assembly revised the overall "purposes" of the Juvenile Causes subtitle in 1997 to adopt a philosophy of "restorative justice." Prior to the 1997 revision, CJ § 3–802 had declared that one of the purposes of the Juvenile Causes subtitle was "[t]o remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." That language was removed in 1997. 1997 Md. Laws, Chap. 532. At the time of the alleged offenses in this case, the purposes of the Juvenile Causes subtitle were set

**5.** Like the current definition section of the subtitle—CJ § 3–8A–01(c)—in 1976, CJ § 3–801(c) defined "adult" to mean a person 18 years or older. Later in the year that *In re Appeals* was decided, the legislature amended CJ § 3–807(b)—adopting the language that currently appears in CJ § 3–8A–07(e)—to read: "The court has exclusive original jurisdiction, but only for the purpose of waiving it, over a person 21 years of age or older who is alleged to have committed a delinquent act while a child."

forth in Md.Code (1973, 1998 Repl.Vol.), CJ § 3–802 as follows: [6]

### Section 3–802.  Purposes and construction of subtitle.

(a) *Purposes of subtitle.*—The purposes of this subtitle are:

(1) To ensure that the juvenile justice system balances the following objectives for children who have committed delinquent acts:

(i) Public safety and the protection of the community;

(ii) Accountability of the child to the victim and the community for offenses committed;  and

(iii) Competency and character development to assist children in becoming responsible and productive members of society;

(2) To hold parents of children found to be delinquent responsible for the child's behavior and accountable to the victim and the community;

(3) To hold parents of children found to be delinquent or in need of assistance or supervision responsible, where possible, for remedying the circumstances that required the court's intervention;

(4) To provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle;  and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest;

(5) To conserve and strengthen the child's family ties and to separate a child from his parents only when necessary for his welfare or in the interest of public safety;

(6) If necessary to remove a child from his home, to secure for him custody, care, and discipline as nearly as possi-

---

**6.** These same purposes currently appear in CJ § 3–8A–02, with one addition. Current § 3–8A–02(a)(7) now provides that one of the purposes is: "To provide to children in State care and custody: (i) A safe, humane, and caring environment;  and (ii) Access to required services;...."

ble equivalent to that which should have been given by his parents; and

(7) To provide judicial procedures for carrying out the provisions of this subtitle.

(b) *Construction of subtitle.*—This subtitle shall be liberally construed to effectuate these purposes.

According to bill analyses issued by the House Judiciary Committee, the 1997 amendment "change[d] the purpose of juvenile justice law from that of protectiveness of children committing delinquent act[s] to one that requires that children be held responsible for their behavior and accountable to the victim and the community for offenses committed." The juvenile justice system would thereafter "incorporate[ ] the philosophy of restorative justice and balance[ ] principles of public safety, accountability, and competency development."

We do not infer from this revision of general purposes that the legislature intended to alter the prior judicial construction of CJ § 3–807(b). We are aware of no specific indication that the legislature had such an intent. To the contrary, in 2001, the legislature re-enacted CJ §§ 3–806 and 3–807 together, virtually unchanged, as CJ § 3–8A–07, renumbering CJ § 3–807(b) as CJ § 3–8A–07(e), without any change to the text of that subsection. 2001 Md. Laws, Chap. 415. We view such action as continuing the General Assembly's acquiescence in the construction given to the predecessor statute by the Court of Appeals in *In re Appeals. See Hoile v. State,* 404 Md. 591, 628, 948 A.2d 30 (2008) ("The General Assembly is presumed to be aware of this Court's interpretation of its enactments and, if such interpretation is not legislatively overturned, to have acquiesced in that interpretation." (quoting *Williams v. State,* 292 Md. 201, 210, 438 A.2d 1301 (1981))).

Moreover, the statutory construction in *In re Appeals* was based upon the plain language of the statute, even though the Court did make reference to a purpose of the former Juvenile Causes Act that was no longer applicable as of 2000. When the statute was read in 2000, the plain language of CJ § 3–807(b) still produced the same statutory construction as the

Court of Appeals had given its predecessor in 1976, particularly when read in the context of the entire statutory scheme and in light of CJ §§ 3–805(a), 3–807(a), and 3–817(a). Notwithstanding the 1997 shift in the purposes of the Juvenile Causes subtitle, in 2000, CJ § 3–805(a) still specified that "the age of the person at the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle." CJ § 3–807(a) still provided that "[a] person subject to the jurisdiction of the court may not be prosecuted for a criminal offense committed before he reached 18 years of age unless jurisdiction has been waived." And CJ § 3–817(a) did not permit waiver of jurisdiction for a person who was under the age of 15 at the time the alleged delinquent act was committed unless the offense was one that, "if committed by an adult, would be punishable by death or life imprisonment." There was no indication in any of these statutory provisions that waiver of the juvenile court's jurisdiction became mandatory—without regard to the waiver considerations set out in CJ § 3–817—once the alleged offender reached the age of 21.

Although the charges against the juvenile offenders were dismissed by the court in *In re Appeals No. 1022 & 1081*, it is not a foregone conclusion that the waiver hearing conducted pursuant to former CJ § 3–807(b) (or the modern CJ § 3–8A–07(e)) for an adult brought before the juvenile court after reaching the age of 21 would result in non-waiver and dismissal. In Saifu's case, the juvenile court correctly based its refusal to waive upon the fact that Saifu's age at the time of the alleged offense would have precluded waiver if he had appeared before reaching the age of 21. For offenders accused of committing offenses for which juvenile jurisdiction is waivable, the result of a waiver hearing might be otherwise. But in a case such as Saifu's, in which the court could not have waived jurisdiction before he reached the age of 21, CJ § 3–807(b) did not authorize, let alone require, the juvenile court to waive jurisdiction after the respondent reached the age of 21. Accordingly, the juvenile court did not err in denying the State's motion to waive the juvenile court's jurisdiction and in dismissing the petition in this case.

THE JUDGMENT OF THE CIRCUIT COURT FOR
MONTGOMERY COUNTY IS AFFIRMED. COSTS TO
BE PAID BY MONTGOMERY COUNTY.